IN THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY, MARYLAND

| | |
|---|---|
| AUDREY WARREN <br> 9417 Presley Place <br> Lanham, MD 20706 <br><br> Plaintiff, <br><br> v. <br><br> WALMART INC <br> 3549 Russett Green E, <br> Laurel, MD 20724 <br><br> SERVE ON: <br> The Corporation Trust Incorporated <br> 2405 York Road, Suite 201 <br> Lutherville Timonium, MD 21093 <br><br> Defendant. | * <br> * <br> * <br> * <br> * CASE NO: <br> * CAL20-07095 <br> * <br> * <br> * <br> * |

## COMPLAINT AND JURY DEMAND

Plaintiff, Audrey Warren, by and through undersigned Counsel, sues Defendant Walmart Inc. and alleges as follows:

### JURISDICTION AND VENUE

1. That the facts giving rise to the instant occurrence took place in Prince George's County, Maryland.

2. This is an action for damages in excess of thirty thousand dollars ($30,000), exclusive of costs and interest, and otherwise within the jurisdiction of the Circuit Court.

3. Venue is proper in this Court because all relevant facts giving rise to the instant action originated in Prince George's County, Maryland.

### ALLEGATIONS COMMON TO ALL COUNTS

4. That, Plaintiff Audrey Warren is an adult resident of the United States residing in Prince George's County, Maryland.

5. That, at all times material and on the date and time of the incident complained of, Plaintiff sustained grievous injuries as more particularly set forth herein.

6. That, at all times material, and on the date and time of the incident complained of, Defendant Walmart, Inc. was a corporate and/or business entity organized and existing under the laws of Maryland.

7. That, Defendant employed agents, employees, officers, staff, administrators, representatives, servants, exercised jurisdiction and control over the procedures which said agents, employees, officers, staff, administrators, representatives, and/or servants and said Defendant determined the qualifications or lack of qualifications of said agents, employees, staff, administrators, representatives, and servants related to Defendant's Walmart store and its common areas including the parking lot.

8. That, Defendant devised all policies, programs, and/or activities for the aforementioned agents, employees, staff, administrators, representatives, servants, and/or residents of the community or surrounding communities, and said agents, employees, staff, administrators, representatives, servants, worked in a common effort for the economic benefit for the aforementioned Defendant herein.

9. That, on October 27, 2018, Plaintiff was an invitee of Walmart located at 3549 Russett Green E, Laurel, MD 20724 and she suffered a preventable slip and fall on Defendant's property, which resulted in Plaintiff sustaining serious injuries.

10. That, on this day, Plaintiff Audrey Warren, entered the through the main entrance of the store and walked on a carpeted floor runner towards the shopping carts.

11. That, as Plaintiff stepped off of the carpeted runner and started to walk on the tile floor she slipped on a puddle of water, fell backwards, and hit her head on the floor.

12. That, as a direct result of the Plaintiff falling on the puddle of water, she sustained severe injuries to her back, neck, and head.

13. That, as a direct result of Plaintiff's fall she suffered a neck sprain, back spasms and a concussion.

## NEGLIGENCE

Plaintiff, Audrey Warren, reasserts and incorporates herein by reference the allegations contained in paragraphs 1-13 as if fully set forth herein and further alleges:

14. That, at all times material, Defendant owed a duty to protect and/or notify its invitees and guests of any harm or of hazardous conditions known that could pose a risk of serious bodily injury to Plaintiff.

15. That, Defendant breached that duty of reasonable care for the safety and protection of the public, and the Plaintiff, in one or more of the following ways:

   a. Failing to properly supervise the common areas in such a manner Plaintiff would have a safe walking area, free from hazards which were recognized or should have been recognized by Defendants as causing or likely to cause the serious physical harm to themselves and others;

   b. Failing to maintain the common area leading to a safe condition to insure that the Plaintiff would not slip and fall on a puddle of water caused by a leaking ceiling which existed and which was known and/or should have been known to the Defendant;

   c. Failing to maintain the premises owned and managed by the Defendant in good and safe condition for the Plaintiff and others;

   d. Failing to exercise the degree of care required under the circumstances; and

   e. Otherwise being negligent.

16. As a direct and proximate cause of Defendant's negligence, Plaintiff sustained serious bodily injuries to her head and neck, and suffered a concussion. Plaintiff at all times during the occurrence set forth used due care and caution and was completely free from any and all negligence in any manner contributing to her injuries and damages as herein complained of.

17. Plaintiff has suffered physical injuries and has incurred expenses for medical care and treatment, medicines, physical therapy, and other types of medical related attention. All the above damages were directly and proximately caused by the aforementioned negligence of the Defendant and were incurred without contributory negligence or assumption of the risk on the part of the Plaintiff. Plaintiff also did not have the opportunity to avoid this incident.

**WHEREFORE**, Plaintiff Audrey Warren sues Walmart, Inc. demanding a judgment in an amount in excess of $75,000.00 (Seventy Five Thousand Dollars), plus pre-judgment and post-judgment interest to the extent allowed by law, plus costs and interest.

Respectfully submitted, this 20th day of February, 2020.

By/ _____
Tiffany Sims, Esq.
JACKSON & ASSOCIATES LAW FIRM, LLC
1300 Caraway Court, Suite 100
Upper Marlboro, MD 20774
Tel. 301-883-0800
Fax 301-883-0801
tsims@jacksonassociateslawfirm.com
**Counsel for Plaintiff**

## DEMAND FOR JURY TRIAL

The Plaintiff demand trial by jury as to all issues contained herein.

_____
Tiffany Sims, Esquire