

**McNamee Hosea**
Attorneys & Advisors

McNamee Hosea
888 Bestgate Road, Suite 402   O 410.266.9909
Annapolis, Maryland 21401      F 410.266.8425

mhlawyers.com
Email: jalexander@mhlawyers.com
Direct Dial: Extension 318

Jennifer M. Alexander, Esquire
Admitted in Maryland and District of Columbia

August 30, 2021

Via ECF
Judge Paul W. Grimm
United States District Court
For the District of Maryland
6500 Cherrywood Lane, Suite 465A
Greenbelt, MD 20770

        Re:    *Audrey Warren v. Walmart, Inc.*
               Case No. 8:20-cv-02460-PWG

Dear Judge Grimm:

In accordance with your Paperless Order dated July 1, 2021, please accept this letter motion to exclude Plaintiff's expert witnesses from trial in this case on behalf of my client, Defendant Walmart, Inc. ("Walmart").

### I. FACTS

Plaintiff Audrey Warren, age 75, alleges that on October 27, 2018, she slipped and fell on wet floor in the vestibule of the Laurel, Maryland Walmart store as she was entering the store on a rainy day. Plaintiff claims she suffered a concussion and soft tissue injuries to her neck and back. She is not claiming a permanent injury. On November 9, 2020, Plaintiff served her Rule 26(a)(2) disclosure in which she designated a single expert witness, the Plaintiff's treating physician Dr. Rexford Babilah. *See* Rule 26(a)(2) disclosure, attached as Exhibit 1. Plaintiff's expert designation contained the following boilerplate language:

> Dr. Babilah will be called to testify regarding his treatment of Plaintiff's medical condition and the limiting effects of the injury on her life activities. Further, he will be called to explain the nature and extent of the injuries Plaintiff suffered as a result of the subject incident, the consequences thereof and the necessary medical treatment related thereto, and the treatment received and to be received in the future, and the fair and reasonable cost thereof.

*See* Ex. 1. Nowhere in this designation did Plaintiff provide a summary of the actual facts and opinions to which Dr. Babilah is expected to testify as required by Rule 26(a)(2)(C).

Beginning in February 2021, defense counsel requested the deposition of Dr. Babilah. *See* Email dated February 12, 2021, attached as Exhibit 2. Plaintiff's counsel subsequently advised that she would not coordinate deposition dates with her expert. *See*

Email correspondence dated March 19, 2021, attached as Exhibit 3. Defense counsel reached out multiple times to Dr. Babilah's office to arrange a deposition date but did not receive a response. On April 9, 2021, defense counsel served a subpoena and deposition notice on Dr. Babilah for a deposition on May 6, 2021, a date cleared with Plaintiff's counsel. *See* Subpoena and Deposition Notice, attached as Exhibit 4. Dr. Babilah never responded to counsel's letter, subpoena, or deposition notice, and failed to appear for his deposition on May 6, 2021. *See* Statement on the Record, attached as Exhibit 5. Thereafter, Plaintiff's counsel confirmed that Dr. Babilah would be available for a deposition on May 28, 2021, and the deposition was noted for that date. *See* Subpoena and Deposition Notice, attached as Exhibit 6. At 7:00 p.m. on the evening before the May 28, 2021 deposition, Dr. Babilah's office emailed defense counsel stating that he would not be appearing for the rescheduled deposition. *See* Email from Lanham Internal Medicine Associates, attached as Exhibit 7. Discovery closed on June 1, 2021, and Dr. Babilah has not been deposed despite months of effort on behalf of the defense.

## II. LEGAL ARGUMENTS

"Treating physicians are generally considered hybrid witnesses and, thus, their testimony does not require the disclosure of full-fledged expert reports pursuant to Rule 26(a)(2)(B). However, their testimony is subject to the summary disclosure requirements of Rule 26(a)(2)(C)." *Barnes v. Costco Wholesale Corp.*, No. CV JKB-18-3377, 2019 WL 3767506, at *2 (D. Md. Aug. 9, 2019) (citations omitted). In other words, although a full signed report is not required for a treating physician, the party designating the expert must include a summary of the facts and opinions to which he or she will testify, not just the subject matter on which he or she will testify. *Id.*

"A party that fails to provide [Rule 26] disclosures unfairly inhibits its opponent's ability to properly prepare, unnecessarily prolongs litigation, and undermines the district court's management of the case. For this reason, an appellate court "give[s] particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1).'" *Saudi v. Northrop Grumman Corp.*, 427 F.3d 271, 278–79 (4th Cir. 2005) (quoting *Southern States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 595 (4th Cir. 2003)). Fed. Rule Civ. P. 37(c)(1) provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." This Rule operates as an "automatic exclusion provision" for noncompliance with the Court's scheduling order. *See Sullivan v. Glock, Inc.*, 175 F.R.D. 497, 503 (1997). In order to overcome the automatic exclusion provision of Rule 37(c)(1), Plaintiff must persuade the court that her noncompliant disclosures were either substantially justified or harmless. In making that determination, the court looks to the following factors: "(1) the importance of the excluded testimony; (2) the explanation of the party for its failure to comply with the required disclosure; (3) the potential prejudice that would arise from allowing the testimony; and (4) the availability of a continuance to cure such prejudice." *Id.* at 507 (*citing Trilogy Communications, Inc. v. Times Fiber Communications, Inc.*, 109 F.3d 739, 744 (Fed. Cir. 1997)).

There is no excuse for Plaintiff's failure to provide proper expert disclosures. Plaintiff first filed her Complaint in state court in August 2020 and has had ample time to consult with her experts to determine and disclose their opinions in accordance with the Rules. In *Barnes v. Costco Wholesale Corp.*, *supra*, this Court excluded experts where the plaintiff made similar generic, boilerplate disclosures. The plaintiff brought suit related to a slip and fall incident inside a Costco store. In support of her injury claim, the plaintiff disclosed five treating physicians as expert witnesses. She did not provide any Rule 26(a)(2)(B) reports, claiming that no reports were required because the experts were treating physicians. The defendant moved to exclude the experts for failure to comply with Rule 26(a)(2). In granting the motion, this Court explained:

> [Plaintiff's disclosures] do not contain the information required by Rule 26(a)(2)(C). She merely provides the same vague description of their testimony: "Medical facts and opinions concerning examination, diagnosis, care, treatment, or evaluation of Plaintiff." Barnes's explanation for her cursory disclosures is that these witnesses are not retained experts and their testimony will be limited to facts and observations learned during their treatment of her. That may be true. But that does not exempt their testimony from the summary report requirements of Rule 26(a)(2)(C); it excepts it only from Rule 26(a)(2)(B)'s "complete" expert report requirements. Because Barnes fails to show that her failure to comply with Rule 26(a)(2)(C) was substantially justified or harmless, the Court will exclude the expert testimony of these witnesses at trial or on a motion pursuant to Rule 37(c)(1). (Citations and quotations omitted).

*Id.* at *2. In this case, like in *Barnes*, Plaintiff has provided no more than a "vague description" of the anticipated testimony of her experts. In her boilerplate disclosure, she simply states "about" which treatment or bills the experts are expected to testify, rather than the actual substance of their expert opinions. Defendant is inherently prejudiced by these generic disclosures because it has no insight whatsoever into what the expert will actually testify to beyond mere generalities, which has prejudiced its ability to properly consult with its own experts and prepare its defenses. Defendant has been further prejudiced by Dr. Babilah's failure to appear for his properly noted deposition not once, but twice, and therefore has been thwarted from discovering his opinions by deposition. Discovery is now closed. For all of these reasons, Plaintiff's expert witness should be excluded under the automatic exclusion provision of Rule 37(c)(1).

Thank you.

Very truly yours,

Jennifer M. Alexander, Esquire

JMA/ksk
Enclosures

3