**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **AUDREY WARREN,** | * | |
| **Plaintiff,** | * | |
| v. | * | Case No.: 20-cv-2460-PWG |
| **WALMART, INC.,** | * | |
| **Defendant.** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

On a rainy day in October 2018, Plaintiff Audrey Warren visited the Defendant's Walmart store in Laurel, Maryland to purchase some paper supplies. She slipped and fell in the vestibule entrance to the store and was injured. Ms. Warren alleges that her fall was the result of the store's negligence by its failure to keep the common area in a safe condition. Am. Compl., ECF No. 16. Ms. Warren filed suit against Walmart, Inc. on February 21, 2020 in the Circuit Court for Prince George's County, Maryland. Compl., ECF No. 2. The case was removed to this Court by Walmart on August 26, 2020. Not. Removal, ECF No. 1.[1] Walmart filed a motion seeking summary judgment, ECF No. 36, and also seeks to exclude Plaintiff's expert witnesses, ECF No. 38. I have reviewed the filings for these pending motions,[2] and find that a hearing is not necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the reasons stated below, Defendant's Motion for Summary

---

[1]     This court has jurisdiction pursuant to 28 U.S.C. § 1332(a)). I denied Plaintiff's motion to remand this case to state court because there is no dispute that the parties are diverse, and Plaintiff's initial complaint alleged damages in excess of $75,000. Letter Order, Jul. 16, 2021, ECF No. 35.
[2]     ECF Nos. 36, 38, 39, 47, 48, and all the accompanying exhibits, including video.

Judgment, ECF No. 36, is DENIED; and Defendant's Motion *in Limine* to Exclude Plaintiff's Expert Witnesses, ECF No. 38, is DENIED.

## BACKGROUND

October 27, 2018 was a rainy day. Stmt. Facts ¶ 1, ECF No. 39-1.[3] It was still drizzling lightly at about 2:59 p.m. when Ms. Warren arrived at Walmart to purchase paper supplies. *Id.* ¶¶ 1-2, 7. Because of the rain, she had decided to wear rubber bottom tennis shoes to help avoid slipping. *Id.* ¶ 2. Ms. Warren entered Walmart at the general merchandise entrance, where there was a weather mat, which ran the length of the vestibule between the first and second set of automatic doors. *Id.* ¶¶ 5-6, 8-9. Customer service associates monitored the entrances and periodically mopped the vestibule on both sides of the weather mat and the shopping cart area. *Id.* ¶¶ 18-19; 33-34. The last dry mop prior to Ms. Warren's arrival was at 2:33 p.m., and 140 people entered that vestibule after that time up until Ms. Warren's entrance. *Id.* ¶ 20. Ms. Warren saw no visible puddles or wet spots in the vestibule, although she states that she noted shine on the tile floor and intentionally stepped to avoid the shiny portion. *Id.* ¶¶ 11, 22. She did not see a caution cone in the area. *Id.* ¶ 30. To get a shopping cart, she had to step off the weather mat, at which time, she slipped and fell on the tile floor. *Id.* ¶¶ 12-15, 22. Ms. Warren was assisted to her feet, and she noted that her coat and clothes were wet and dirty. *Id.* ¶ 23. She then completed a Customer Incident Report. *Id.* ¶ 25. Walmart has a Standard Operating Procedure ("SOP") for dealing with customer incident claims, but Ms. Warren contends that the findings were not properly documented. Pl.'s Resp. 4-5.

---

[3] Plaintiff filed a Statement of Material Facts in Dispute, ECF No. 39-1, with her response to Walmart's motion. The paragraphs are numbered and cite to the underlying source. Walmart does not dispute these facts. *See* Reply 1, ECF No. 47. Therefore, for ease of reference, I shall generally cite to this document rather than to the individual exhibits.

2

Ms. Warren alleges one count of negligence against Walmart and seeks $40,000 damages. Am. Compl. Walmart moves for summary judgment in its favor on the basis that Ms. Warren cannot establish negligence because Walmart did not breach any duty owed to her. Mot. Mem. 1, ECF No. 36-1. Walmart also moves to preclude Ms. Warren's expert witness from testifying on the basis that she failed to comply with the expert witness disclosure requirements of Federal Rule of Civil Procedure 26(a)(2). MIL 1-3, ECF No. 38.

## STANDARD OF REVIEW

Summary judgment is proper when the moving party demonstrates, through "particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials," that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a), (c)(1)(A); *see Baldwin*, 714 F.3d at 833. "A disputed fact presents a genuine issue 'if the evidence is such that a reasonable jury could return a verdict for the non-moving party.'" *Cole v. Prince George's Cty.*, 798 F. Supp. 2d 739, 742 (D. Md. 2011) (*quoting Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

If this initial burden is met, the opposing party may not rest on the mere allegations in the complaint. *Anderson*, 477 U.S. at 247-48. Rather, the burden shifts to the nonmoving party to identify evidence showing that a genuine dispute exists as to material facts. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 585–87 & n.10 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 251-52. Instead, the evidentiary materials submitted must show facts from which the finder of fact reasonably could find for the party opposing summary judgment. *Id.* Where the record

taken as a whole could not lead a rational trier of fact to find for the non-moving party, summary judgment is appropriate. *Id.* at 248–49.

In reviewing the evidence related to a motion for summary judgment, the Court considers the facts in the light most favorable to the non-moving party if there is a genuine dispute as to those facts. *Ricci v. DeStefano*, 557 U.S. 557, 586 (2009); *George & Co., LLC v. Imagination Entm't Ltd.*, 575 F.3d 383, 391–92 (4th Cir. 2009); *Dean v. Martinez*, 336 F. Supp. 2d 477, 480 (D. Md. 2004). And the Court may not make credibility determinations when assessing contradictory testimony or affidavits. *Dennis v. Columbia Colleton Med. Ctr., Inc.*, 290 F.3d 639, 645 (4th Cir. 2002). The Court must, however, also abide by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." *Bouchat v. Baltimore Ravens Football Club, Inc.*, 346 F.3d 514, 526 (4th Cir. 2003) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)).

## ANALYSIS

### I. Defendants' Motion to Preclude Plaintiff's Expert

Ms. Warren timely served her Federal Rule of Civil Procedure 26(a)(2) disclosure on November 9, 2020, designating her treating physician as her sole expert witness. MIL Ex. 1, ECF No. 38-1. Walmart contends that her designation was deficient because it did not provide a summary of the actual facts and opinions to which her doctor is expected to testify, as is required by Rule 26(a)(2)(C). MIL 1-2. Further, the parties were unable to coordinate a deposition with her treating doctor prior to the close of discovery. *Id.* Walmart argues that the resulting prejudice requires her expert witness to be excluded under the automatic exclusion provision of Rule 37(c)(1). *Id.* at 3.

Rule 37(c)(1) provides that "if a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Though district courts have "broad discretion" to decide whether a failure to disclose was substantially justified or harmless, the Fourth Circuit has held that courts "should" consider five factors:

> (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the non-disclosing party's explanation for its failure to disclose the evidence.

*Sanchez Carrera v. EMD Sales, Inc.*, 402 F. Supp. 3d 128, 138 (D. Md. 2019) (quoting *S. States Rack & Fixture, Inc. v. Sherwin-Williams Co.*, 318 F.3d 592, 597 (4th Cir. 2003)). The party that fails to disclose the evidence bears the burden of "establish[ing] that nondisclosure was substantially justified or harmless." *Id.* (quoting *Wilkins v. Montgomery*, 751 F.3d 214, 222 (4th Cir. 2014)).

Regarding these factors, Ms. Warren explains that her production of documents included medical records and bills prepared by her treating physician. MIL Resp. 1, ECF No. 48. The documents include her doctor's diagnosis and plan for treatment. *Id.* Additionally, she supplemented her disclosure on February 10, 2021. MIL Resp. Ex. A, ECF No. 48-1. Ms. Warren also timely identified a non-treating physician expert and included a detailed report. MIL Resp. 2; Ex. C, ECF No. 48-3. Finally, Ms. Warren notes that although the parties were not able to coordinate the treating physician deposition, it was not for lack of effort, and since no trial date has yet been set, the opportunity is not yet lost. MIL Resp. 3.

Walmart does not indicate that it has been surprised but states it is "inherently prejudiced by these generic disclosures because it has no insight whatsoever into what the expert will actually testify to beyond mere generalities, which has prejudiced its ability to properly consult with its own experts and prepare its defenses." MIL 3. It is not too late, however, for depositions to be scheduled, and Walmart can seek supplementation of the information provided so that any deficiencies can be cured without there be any disruption to the trial, which has not yet been scheduled. *See Sanchez Carrera*, 402 F. Supp. 3d at 138 (noting that when trial has not yet been scheduled, the factor concerning disruption of trial "only leans slightly in favor of exclusion"); *see also Moore v. Peitzmeier*, Civil Action No. TDC-18-2151, 2020 WL 94467, at *13 (D. Md. Jan. 7, 2020) (noting that Defendants should not have been unduly surprised by disclosures when they were aware that the Plaintiff planned to call treating physicians, they had access to the medical records relating to those treating physicians, and there was an ability to cure). And finally, there is no indication that Ms. Warren has willfully withheld information, her disclosures were timely, and she provided details of her counsel's efforts to cure the deposition scheduling failures.

The evidence is necessarily important since it relates to Ms. Warren's damages, but it does not present any new factual basis for her claim, and her injuries from the fall have been central to her case from the beginning. "[A] court may admit evidence that a party failed to disclose adequately where the other party knew that the issue to which the evidence related 'was a central issue in the case.'" *Moore*, 2020 WL 94467, at *13 (quoting *Bresler v. Wilmington Tr. Co.*, 855 F.3d 178, 193 (4th Cir. 2017)).

Accordingly, I will not exclude Plaintiff's experts at this time, and Defendants' motion to exclude Plaintiff's expert witnesses from trial, ECF No. 38, is DENIED.

## II.     Summary Judgment Motion

In order to bring a negligence claim under Maryland law, *see Erie R.R. v. Tompkins,* 304 U.S. 64, 78 (1938), the plaintiff must prove: "(1) that the defendant was under a duty to protect the plaintiff from injury, (2) that the defendant breached that duty, (3) that the plaintiff suffered actual injury or loss, and (4) that the loss or injury proximately resulted from the defendant's breach of duty." *Lloyd v. Gen'l Motors Corp.*, 915 A.2d 256, 270-71 (Md. 2007) (quoting *Valentine v. On Target*, 727 A.2d 947, 949 (Md. 1999)). In premises liability cases, the duty of care owed by the owner or occupier of a premises varies depending on his or her relationship with the person entering the premises. *Casper v. Chas. F. Smith & Son, Inc.*, 560 A.2d 1130, 1333 (Md. 1989).

"[T]he proprietor of a store owes a duty to his customers to exercise ordinary care to keep the premises in a reasonably safe condition, and will be liable for injuries sustained in consequence of a failure to do so." *Rawls v. Hochschild, Kohn & Co.*, 113 A.2d 405, 407 (Md. 1955). But a store proprietor "is not an insurer of the safety of his customers while they are on the premises and no presumption of negligence on the part of the proprietor arises merely from a showing that an injury was sustained in his store." *Mouldon v. Greenblet Consumer Servs., Inc.*, 210 A.2d 724, 725 (Md. 1965). "Like the owner, the invitee has a duty to exercise due care for his or her own safety. This includes the duty to look and see what is around the invitee." *Tennant v. Shoppers Food Warehouse Md. Corp.*, 693 A.2d 370, 374 (Md. Ct. Spec. App. 1997).

In order to prove that Walmart breached its duty of care, Ms. Warren bears the burden of demonstrating "[1] that a dangerous condition existed, . . . [2] that [Walmart] 'had actual or constructive knowledge of it, and [3] that that knowledge was gained in sufficient time to give the [store] the opportunity to remove it or to warn [Ms. Warren].'" *Rehn v. Westfield Am.*, 837 A.2d 981, 984 (Md. 2003) (quoting *Keene v. Arlan's Dep't Store of Baltimore, Inc.*, 370 A.2d 124 (Md.

7

Ct. Spec. App. 1977)). Constructive knowledge can be ascribed to a proprietor if the plaintiff can "show[ ] that the condition existed for such a length of time sufficient to permit a person under a duty to discover it if he had exercised ordinary care." *Rawls*, 113 A.2d at 409. The requirement that a plaintiff provide time-on-the-floor evidence ensures proof "that the defendant's negligence was the proximate cause of the plaintiff's injury," because, without it, "the storekeeper would be potentially liable even though there is no way of telling whether there was anything [the store] could have done" to prevent the injury. *Maans v. Giant of Maryland, L.L.C.*, 871 A.2d 627, 639 (Md. Ct. Spec. App. 2005).

A plaintiff cannot demonstrate that sufficient time existed through "pure conjecture" rather than "reasonable inference." *Moulden*, 210 A.2d at 726 (declining to infer that a string bean had been on the floor for "more than a few moments" from its mashed and dry appearance). "What will amount to sufficient time depends upon the circumstances of the particular case, and involves consideration of the nature of the danger, the number of persons likely to be affected by it, the diligence required to discover or prevent it, opportunities and means of knowledge, the foresight which a person of ordinary care and prudence would be expected to exercise under the circumstances, and the foreseeable consequences of the conditions.'" *Rehn*, 837 A.2d at 984-85 (citations omitted).

Ms. Warren contends there is sufficient evidence to enable a jury to determine how long the dangerous condition existed and that it existed long enough for Walmart to discover and correct it. Pl.'s Resp. 8. Citing the video footage from Walmart's surveillance cameras, she argues that the timeline shows that "Walmart had constructive notice of (a) the water on the floor as a result of the rain; (b) that the wet condition was continuous and required ongoing treatment; and, (c) at least three missed opportunities to address the hazardous conditions." *Id.* at 9. The video footage

shows that Walmart knew of the wet weather conditions as evidenced by the employees' wet and dry mopping of the vestibule, and there was no mopping for 26 minutes before her fall although two employees had been in the area during that time. *Id.* Walmart argues that Ms. Warren is trying to create a genuine issue of material fact through mere speculation, and that it is not possible for her to demonstrate how long the wet floor condition existed because the floor is not visible in the video. Reply 2. Walmart suggests that possibly, another customer caused the water on the floor just moments before Ms. Warren fell. *Id.* at 2-3. Walmart adds that there is no way to know if the associate who was in the vestibule nine minutes before her fall knew the water was there and should have mopped the area. *Id.* at 3.

Here, the undisputed evidence is clear that Walmart had taken steps to protect its customers from slippery conditions caused by a rainy day—having weather mats in place in the vestibule, having a non-slip tile surface in the vestibule, having fans helping to keep the area dry, regular dry mopping around the mats (including three times in the 50 minutes prior to the fall), a caution cone visible inside the store's second door (although the video does not show a caution cone in the vestibule). Also clear is that an ordinary reasonable person would know that there would inevitably be moisture on the floor on a rainy day, and the floor could be slippery. Indeed, Ms. Warren testified that she wore rubber bottom tennis shoes because they had a grip and she "didn't want to have any issues with any slipping or anything." Warren Dep. 25:17-20, Def.'s Mot. Ex. 1, ECF No. 36-2.

But Ms. Warren contends that under the circumstances, Walmart should have done more; after mopping 4 times in 44 minutes, the vestibule was then not mopped for 26 minutes during which time, 140 customers entered, inevitably tracking water into the vestibule. And after her fall, the area was mopped 7 times in 34 minutes, which further highlights the failure to regularly mop

in the 26-minute interval prior to her fall. Certainly, it is not reasonable to expect Walmart to keep the entrance to the store completely dry during rainy weather, or to continuously inspect to determine if water had accumulated, but it is possible that a reasonable jury would find that Walmart was negligent by the lack of mopping during the 26 minutes prior to the incident in comparison to the frequency of mopping both before the 2:33 mopping and after the incident. All of these intervals were during the busiest time of the day when the greatest diligence would be required. A reasonable jury might also find that although water on the floor is an obvious risk during rainy weather, the lack of any caution cones in the vestibule area itself is an indication that Walmart fell short on its duty to take ordinary and reasonable precautions to warn customers of potentially slippery conditions.

Regardless of how slight the possibility that a jury would find Walmart negligent under these circumstances, when I view the facts in the light most favorable to Ms. Warren, and draw all reasonable inferences in her favor, I conclude that the question of whether Walmart exercised the degree of care expected of a reasonably prudent business under the circumstances is a question to be submitted to the jury and is not for me to decide as a matter of law. *See Six Flags America, L.P. v. Gonzalez-Perdomo*, 242 A.3d 1143, 1150 (Md. Ct. Spec. App. 2020) ("[I]f there is any evidence, no matter how slight, that is legally sufficient to generate a jury question, the case must be submitted to the jury for its consideration.").[4] Further, I cannot say as a matter of law that Ms. Warren failed to exercise due care for her own protection. Whether or not she used the caution expected of a reasonably prudent person under the circumstances is a question of fact for the jury.

---

[4] I note that Walmart argues that *Six Flags* is distinguishable from this case, but unlike the cases cited by Walmart based on the negligence law in other states, *Six Flags* is based on Maryland law.

## CONCLUSION

In sum, there is sufficient, albeit slight, evidence that generates a question for the jury, and I shall deny Walmart's motion for summary judgment. I also deny Walmart's motion *in limine* to exclude Plaintiff's expert witness. This case shall proceed, expert depositions will take place, and the case will be set for trial on Ms. Warren's negligence claim.

## ORDER

For the foregoing reasons, it is, this 15th day of July, 2022, hereby ORDERED that:

1. Defendants' Motion for Summary Judgment (ECF No. 36) is DENIED;
2. Defendants' Motion *in Limine* to Exclude Plaintiff's Expert Witness (ECF No. 38) is DENIED; and
3. A status call will be scheduled to discuss completion of expert discovery and further trial proceedings.

_____/S/_____
Paul W. Grimm
United States District Judge